IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM LEE LYNCH,

                Plaintiff,

v.                                                    OPINION AND ORDER

WISCONSIN DEPARTMENT OF CORRECTIONS       23-cv-801-wmc
and AMANDA KINYON,

                Defendants.

---

Plaintiff William Lynch, who is unrepresented and incarcerated at Kettle Moraine Correctional Institution, has filed this proposed civil action under 42 U.S.C. § 1983, alleging that his probation agent, defendant Amanda Kinyon, initiated revocation proceedings against him in violation of his constitutional rights. Because plaintiff is incarcerated and proceeding without prepayment of the full filing fee, the court must screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. When screening an unrepresented litigant's complaint, the court construes the complaint generously, accepting the allegations as true and holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, the court concludes that this case must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

ANALYSIS

Plaintiff alleges that his probation officer, Amanda Kinyon, had him arrested on April 20, 2023, for allegedly harassing comments that he made on his Facebook page, and that the Department of Corrections ("DOC") subsequently revoked his probation. Plaintiff contends that his postings were not threatening, his conditions of probation did not prevent him from using social media, and defendants' actions violated his right to free speech under the First Amendment, for which he seeks monetary damages. However, plaintiff cannot bring claims for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck*, 512 U.S. at 486-87. The Court of Appeals for the Seventh Circuit has made clear that *Heck* bars § 1983 claims for damages challenging revocation of probation. *See Williams v. Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying *Heck* to fact, duration, and rules or conditions of probation and parole); *Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (success on claims challenging revocation "would necessarily imply the invalidity of [plaintiff's] Wisconsin parole revocation, which *Heck* instructs cannot be shown through a § 1983 suit"); *see also Harris v. Pucker*, No. 20-cv-1058-bbc, 2021 WL 214654, at *1 (W.D. Wis. Jan. 21, 2021) (citing same). Because plaintiff has not alleged that he successfully obtained post-conviction relief by challenging the constitutionality of his revocation proceedings, *Heck* precludes him from pursuing damages for the circumstances surrounding his revocation proceedings or using this lawsuit to challenge or reverse the result of his revocation proceeding. The only federal proceeding available to obtain that form of relief is a petition for a writ of habeas corpus under 28

U.S.C. § 2254. *See Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody."). However, this court cannot convert this action into one for habeas corpus on its own motion. The Court of Appeals for the Seventh Circuit instructs that "[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice" rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). Accordingly, the court will dismiss this case without prejudice.

If plaintiff successfully challenges his revocation proceedings through a habeas petition in the future, he may be able to pursue relief under § 1983. However, plaintiff should be aware that he would be unlikely to prevail because both of the defendants he has named in this lawsuit would be immune from suit. *First*, plaintiff may not proceed against the DOC because it is a state agency entitled to sovereign immunity and is immune from suit. *Nygaard v. Neyhard*, No. 21-cv-901, 2022 WL 1750554, at *3 (E.D. Wis. May 31, 2022) (citing *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Mayhugh v. State*, 364 Wis. 2d 208, 224 (2015)). *Second*, government officials such as "probation officers are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process," *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018), which includes the "decision to grant, revoke, or deny parole, or the signing of an arrest warrant," *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)

3

(citation omitted), as well as the decision to place a "parole hold," *Smith v. Gomez*, 550 F.3d 613, 619 (7th Cir. 2008). Because Kinyon and other unnamed state actors either initiated plaintiff's arrest, initiated revocation proceedings, or made the decision to revoke plaintiff's probation, they would not be subject to suit even if plaintiff's revocation proceedings are invalidated.

## ORDER

IT IS ORDERED that this case is DISMISSED without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994). The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 16th day of April, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge